IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

vs.                                                    5:04CR8/MCR
                                                       5:05CV236/MCR/MD

MARCUS EDENFIELD

---

## REPORT AND RECOMMENDATION

        This matter is before the court upon a motion to vacate, set aside, or correct
sentence pursuant to 28 U.S.C. §2255  (doc. 97).  The government has filed a response
(doc. 99) and the defendant has not filed a reply, despite having been afforded the time
in which to do so.  The matter is referred to the undersigned magistrate judge for report
and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After a
review of the record and the arguments presented, it is the opinion of the undersigned that
the motion should be denied, with respect to the arguments presented by the defendant.
However, due to inaccuracies in the PSR used as guidance in calculating defendant's
sentence, defendant's sentence should be vacated and his case returned to the district
court for further proceedings.

## I.  BACKGROUND

        Defendant was charged in five counts of a seven count superseding indictment with
conspiracy to possess with intent to distribute marijuana, two counts of possession with
intent to distribute more than 100 marijuana plants, being a felon in possession of
ammunition on a date certain and being a felon in possession of firearms and ammunition
on a date certain. (Doc. 27).  After a jury trial, defendant was acquitted of the conspiracy

and one of the possession counts, but was found guilty on the remaining three counts. (Doc. 69).

After a series of objections and replies,[1] the PSR reflected that defendant had a total offense level of 28 and a criminal history category of IV, with an applicable guidelines range of 110 to 137 months imprisonment.  In determining petitioner's base offense level of 24, the PSR applied § 2K12.1(a)(2) of the Sentencing Guidelines because the defendant had two prior felony convictions of either a crime of violence or a controlled substance offense.  (PSR ¶ 15).  It also applied a four level upward adjustment because the firearms were possessed in connection with a felony drug offense. (PSR ¶ 16, §2K2.1(b)(5)).  At sentencing, the court determined that the four-level §2K2.1(b)(5) adjustment did not apply. Therefore, defendant's guidelines range was 77 to 96 months imprisonment.  Defendant was sentenced to a term of 77 months imprisonment on each count, to be served concurrently, to be followed by a four year term of supervised release. (Doc. 82).   He appealed, but voluntarily dismissed the appeal. (Doc. 83 & 90).

The instant motion was docketed on November 10, 2005, and the government was ordered to respond.  In its response, the government indicates that it has been advised by the United State Probation Office that an error had occurred in the PSR used at defendant's sentencing.[2]  Apparently removal of one of the prior felony convictions for purposes of the Armed Career Criminal calculation had not been taken into account when determining defendant's base offense level, and therefore defendant was wrongly scored under U.S.S.G. § 2K2.1(a)(2) (base offense level 24), when he should have been scored under U.S.S.G. § 2K2.1(a)(4) (base offense level 20).  Defendant's sentencing guideline range with the four point reduction would have been 51 to 63 months imprisonment.

---

[1]Relevant to the instant motion, the government contended that the defendant should be considered an Armed Career Criminal under U.S.S.G. § 4B1.4.  Defense counsel opposed this position, and the government ultimately advised that an error had occurred in classifying the defendant as an Armed Career Criminal, due to the felony level of one of the predicate offenses.

[2]A January 16, 2006 sentencing memorandum written by probation officer Jeffrey G. Law to United States District Judge M. Casey Rogers indicates that both the government and the defendant's appointed counsel Clyde Taylor were notified, and that Mr. Taylor had indicated his intent to file a motion to re-open sentencing, which has not been done as of this date.

Therefore, it is the opinion of the government and the undersigned that resentencing in light of this corrected information is warranted.

## II.  LEGAL ANALYSIS

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.  A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law or (4) is otherwise subject to collateral attack.  28 U.S.C. § 2255; *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'"  *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted).  "[A] non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice."  *Lynn*, 365 F.3d at 1232-33 (citations omitted); *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962) (error of law does not provide basis for collateral attack unless claimed error constituted a "fundamental defect which inherently results in a complete miscarriage of justice.").  The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2678, 2649, 91 L. Ed. 2d 397 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent. . . ."

Generally, an allegation of misapplication of sentencing guidelines raises neither constitutional, jurisdictional, or fundamental error which would result in a complete miscarriage of justice. *See Burke v. United States*, 152 F.3d 1329, 1331-32 (11th Cir. 1998) (citing cases); *United States v. Perez*, 952 F.2d 908, 910 (5th Cir. 1992).  Therefore, because of the narrow parameters of section 2255 review, and due to an available avenue

of review through direct appeal, sentences imposed within statutory limits are generally insulated from section 2255 review.  *United States v. Frady*, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 71 L.Ed.2d 816, 830 (1982); *Montemoino v. United States*, 68 F.3d 416, 417 (11th Cir. 1995); *Fernandez v. United States*, 941 F.2d 1488, 1494 (11th Cir. 1991).  In this case, however, as noted above, the government concedes that an error has been made and that it should be corrected.

In the defendant's motion, he raises constitutional challenges to the Controlled Substances Act ("CSA") and the Comprehensive Crime Control Act of 1984 ("CCCA").  Defendant maintains primarily that the CSA is unconstitutional as applied because Congress never intended for the Act to be applied to persons who are non-registrants, and that the CCCA was unconstitutionally enacted when the 98th Congress failed to secure a two-third majority vote under Article 1, section 7 of the U.S. Constitution.   These arguments, while appropriate for review on a § 2255 motion, also could have been raised before the district court.  Regardless, the defendant has not shown that he is entitled to relief on this basis.

Defendant's first argument, that the CSA does not apply to him because he is not a "registrant" is defeated by the plain language of the statute, which proscribes the knowing or intentional manufacture or possession with intent to distribute a controlled substance by *any person*.  21 U.S.C. § 841; *see United States v. Moore*, 423 U.S. 122, 131 (1975); *United States v. Rodriguez*, 2004 WL 102750 (S.D. N.Y. 2004).  Likewise, to the extent that he claims the CSA was enacted in violation of the Commerce Clause, his argument is foreclosed by recent Supreme Court precedent.  *Gonzales v. Raich*, 125 S.Ct. 2195, 162 L.Ed.2d 1 (2005).   Finally, to the extent he claims violations of the Administrative Procedures Act by then President Nixon or then Attorney General, he is not entitled to relief as marijuana was listed as a schedule I controlled substance by Congress, not by the Attorney General.  *United States v. Oakland Cannabis Buyers' Cooperative*, 532 U.S. 483, 492, 493, 121 S.Ct. 1711, 1718, 1719, 149 L.Ed.2d 722 (2001).   Finally, smoking marijuana is not a fundamental right that merits constitutional protection.  *NORML v. Bell*,

488 F.Supp. 123, 132 (D.D.C. 1980).  Thus, defendant has no fundamental constitutional right to grow and distribute the substance.

The government argues that defendant's second argument, regarding the enactment of the CCCA and its impact on his sentence, ultimately appears to be a challenge to the United States Sentencing Guidelines.  Defendant maintains that members of the 98th Congress "have imposed sentences and assessments upon the defendant based upon the authority of invalid legislative enactment of the Sentencing Reform Act of 1984."   Because the Guidelines have recently been found to be advisory and not binding on a sentencing court, *United States v. Booker*, 534 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and because this court's recommendation is that the defendant's sentence be vacated, his argument that the CCCA as applied to him was unconstitutional is moot.


Based on the foregoing, it is respectfully RECOMMENDED:

The motion to vacate, set aside, or correct sentence (doc. 97) be DENIED, with respect to the arguments raised by the defendant, but that the defendant's sentence be vacated, that the probation office be directed to prepare a corrected Presentence Investigation Report, and that the defendant be resentenced in accordance with the corrected PSR.


At Pensacola, Florida, this 16th day of March, 2006.



/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**



*Case No: 5:04cr8/MCR; 5:05cv236/MCR/MD*

## <u>NOTICE TO THE PARTIES</u>

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. <u>See</u> 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).